## Isaac Borden v. James H. Borden.

Where a testator devised the south half of certain land, called the "Cook farm," to A. and the north half to B. and, after the making of the will and previous to the death of the testator, a portion of said south half, was sold to B, under a levy by the collector of taxes ; *held*, that the alienation of the part sold by the collector was a revocation *pro tanto* of the will, and that proof of the declarations of B., to show that it was agreed between him and the testator, that the deed of the part sold should be given up to the testator, was inadmissible.

*Held*, also, that as to the description of the property devised, the will speaks from its execution, and that said A. was not entitled to a half of the "Cook farm," owned at the death of the testator, but to the south half, as it was when the will was made, exclusive of the part, as to which the will was revoked by the alienation, and that said A. could not be compensated for the loss of the part alienated, by taking a portion of the north half, devised to B.

The opinion of the Court was delivered by

BRAYTON J. This is an action of ejectment to recover possession of a parcel of land situated in Tiverton. The plaintiff claims the land in question, under the will of Benjamin Borden of Tiverton, dated January 22, 1847. The testator died on June 11, 1849, and his will was approved on the sixth day of August, following. By the second clause of that will, the testator gives and bequeaths to his " son, Isaac Borden, to him and his heirs forever, the south half part in quantity of his Cook farm, so called." And by the eighth clause of the will he gives and bequeaths to his " grandson, James H. Borden, so much of the north half of said Cook farm, if any re-

mains, as may not be wanted to pay his just debts, as therein after provided." By the ninth clause of his will, the testator directs his executor to sell certain property named to pay his debts, and, if he shall not realize from such sale enough to pay his debts, to sell so much of the north half of the Cook farm, as may be necessary for that purpose.

After the making of the will and before the testator died, a portion of the south half part of the Cook farm was sold to the defendant, James H. Borden, under a levy, by the collector of taxes, and for a school tax assessed against the testator, and the deed was made to the said defendant, August 19, 1847.

The plaintiff offered to prove the declarations of the defendant, that it was agreed between him and the testator, that the deed should be given up to the testator. This proof was offered to rebut the presumption of revocation by the alienation of the part sold by the collector ; and it was ruled out, on the ground that the alienation was an absolute revocation, *pro tanto* at law, and that, if the testator had in fact taken back a conveyance, the estate could not pass by the devise. The reservation was absolute and not capable of being rebutted.

But the portion of land claimed is not the portion thus alienated by the collector's sale, but a portion of the north half part of the Cook farm, as it was at the time of the execution of the will. In fact, he claims to be entitled under the devise to him, to the one half part of the farm as it was at the death of the testator, and not as it existed at the making of the will.

The south half in quantity only of the Cook farm is devised to the plaintiff. He now claims a portion of the north half.

As to the description of the property devised, and certainly of real estate, the will speaks from its execution. The devise is then of the south half of the Cook farm, as it was on the 22d of June, 1847, and not, as it was on the 11th of June, 1849, the time of testator's death ; that is, the description of the estate devised to the plaintiff is "the south half part in quantity of the Cook farm." There is no difficulty in ascertaining what that was, or to run the dividing line between it and the north half.

The only question is, what effect is the sale by the collector to have upon the devise.

A voluntary alienation is, *ipso facto,* a revocation to the extent of such alienation. A man cannot dispose of more than he owns, and he is supposed, therefore, conclusively, not to intend to give away the property of another, and if that, which, being his own at the time of making his will, he in fact devises, becomes before his death another's, he is presumed to revoke it ; and, whether it were presumed or not, the title of this other could not be defeated by the Will, and such devise would and must be void, or such as it would be if the testator never owned the land.

The devise, then, of the south half part of the farm becomes void, either by revocation conclusively presumed, or otherwise void for so much of it, as has been in any way alienated from the testator after the making of that devise.

But the claim of the plaintiff is, not that this devise is not revoked *pro tanto,* but in as much as it has become ineffectual to him for so much as was sold by the collector, he is entitled to be compensated therefor, by taking a portion of the North half, devised to the defendant.

Now I know of no principle of law, that gives a devisee more or other estate, than is devised to him. He may have less but not more, unless it be expressly provided for in the will.